

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

███████████
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

*Direct Dial:* ███████

### UNREDACTED BRIEF —
### TO BE FILED UNDER SEAL

September 6, 2022

The Honorable Evelyn Padin
United States District Judge
Martin Luther King Building & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

       Re:   <u>United States v. Jane Doe</u>

Dear Judge Padin:

      The defendant in the above-captioned criminal case (hereinafter referred to by the fictitious name, "Jane Doe") is ███████████████████████████████████████████████████████████████████████.  Please accept this letter brief in lieu of a more formal brief in support of the Government's motion seeking to have the Court: (1) refer to the defendant as "Jane Doe" on ECF; (2) seal all docket entries in this case, except redacted versions of documents concerning this motion; (3) file redacted documents concerning this motion publicly on the docket; and (4) file unredacted documents concerning this motion under seal.  For the reasons set forth below, the Government respectfully submits that the Court should grant the motion.

### BACKGROUND





## **LEGAL ANALYSIS**

The Supreme Court has regularly recognized that the press and public have a qualified right of access to various proceedings in criminal cases. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580–81 (1980) (finding that lower court's restriction on public access was improper because it failed to: (a) recognize First Amendment right of public and press to attend criminal trials; (b) make proper findings supporting closure of courtroom; and (c) consider alternatives to closure); Press-Enter. Co. v. Superior Ct. of California, Riverside Cty, 464 U.S. 501, 510–13 (1984) (addressing partial closure of voir dire proceeding in criminal case, and finding that lower court was required to make findings concerning overriding interest supporting closure and consideration of alternatives prior to closing courtroom). However, the right of access is not unconditional. Certain situations, such as the instant matter, may present compelling facts that support anonymizing and sealing portions of the docket. See Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984) (the party seeking to seal any part of a judicial record bears the heavy burden of showing "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure").

Before a Court may close the proceedings, or, as requested here, seal the docket and refer to the defendant as Jane Doe, it must provide adequate notice to the public. United States v. Criden, 675 F.2d 550, 554 (3d Cir. 1982); see also United States v. Antar, 38 F.3d 1348, 1350 (3d Cir. 1994) (finding that court sealed transcripts of jury voir dire prematurely because it did not provide advance notice, conduct a hearing, and make factual findings on the record); United States v. Raffoul, 826 F.2d 218, 223–25 (3d Cir. 1987) (extending Criden requirements to closure motions made during criminal trials). After giving the public ample time to respond, the Court also must explain, on the record, its reasons "for rejecting alternatives to closure." Criden, 675 F.2d at 554; see also United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995).

The Government is not asking that the Court close the proceedings, as the Government does not believe that the law enforcement targets referenced herein are aware of Jane Doe's cooperation. However, the Third Circuit has held that the qualified right of access to judicial proceedings "applies with equal force to the issue of access to judicial documents." United States v. Kushner, 349 F. Supp. 2d 892, 897–901 (D.N.J. 2005) (citing United States v. Smith, 776 F.2d 1104, 1111–12 (3d Cir. 1985)); see also United States v. Thomas, 905 F.3d 276, 282 (3d Cir. 2018) ("the First Amendment right of access applies to plea hearings and, by extension, to documents relating to these hearings. The right of access, though, is presumptive and not absolute, and it can be overcome where there is 'cause shown that outweighs the value of openness.'" (citations omitted) (quoting

United States v. Smith, 123 F.3d 140, 147 (3d Cir. 1997))); Smith, 776 F.2d at 1110–13.

## SEALING PROCEDURE

Local Civil Rule 5.2(10)(b) provides this Court with the authority and procedure to partially seal the corresponding docket.[1]  Local Civil Rule 5.2(10)(b) provides:

> Criminal Documents. Documents subject to sealing must be submitted as a Paper Filing, in an envelope clearly marked "sealed," and shall be accompanied by a CD containing the document in PDF.  A motion to file a document under seal, and the order of the Court authorizing the filing of documents under seal, may be filed electronically, unless prohibited by law.  A paper copy of the sealing order must be attached to the documents under seal and be delivered to the Clerk.

Local Civil Rule 5.3 controls protective orders and public access under ECF.  Specifically, Local Civil Rule 5.3 governs "any request by a party or parties to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making." Local Civil Rule 5.3(a).  The rule also governs any request "by a party or parties to seal, or otherwise restrict public access to, any judicial proceedings."  Id.

Local Civil Rule 5.3(c) provides the procedure to be followed concerning a motion to seal or otherwise restrict public access.  In sum and substance, the procedure is as follows.  To start, "[a]ny request by a party, parties or nonparty to file materials under seal, or otherwise restrict public access to, any materials or judicial proceedings shall ordinarily be made on notice, by a single, consolidated motion on behalf of all parties, unless otherwise ordered by the Court on a case-by-case basis, including any non-party which has produced materials as to which it seeks to restrict public access. . . . Any motion and supporting papers to seal or otherwise restrict public access shall be available for review by the public."

Such a motion must include an affidavit that sets forth, with particularity, the following: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the

---

[1] Under Local Civil Rule 1.1(a), the local civil rules supplement the Federal Rules of Criminal Procedure as well as the Federal Rules of Civil Procedure, and apply in all proceedings to the extent the local rules are not inconsistent with the federal rules.

4

clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." Local Civil Rule 5.3(c)(3). Proposed findings of fact and conclusions of law must also be submitted. See Local Civil Rule 5.3(c)(3).

Local Civil Rule 5.3 also contemplates temporary sealing pending a decision on a motion to seal. Specifically, Local Civil Rule 5.3(c)(4) provides that "[a]ny materials deemed confidential by a party or parties and submitted under temporary sealing subject to a motion to seal or otherwise restrict public access shall be filed electronically under the designation 'confidential materials' and shall remain sealed until such time as the motion is decided, subject to Local Civil Rule 72.1(c)(1)(C). When a document to be filed contains both confidential and non-confidential information, an unredacted version of that document shall be filed under seal." Local Civil Rule 5.3(c)(4). Interested parties can move to intervene pursuant to Fed. R. Civ. P. 24(b) "before the return date of any motion to seal or otherwise restrict public access." Local Civil Rule 5.3(c)(5).

Finally, "[a]ny order or opinion on any motion to seal or otherwise restrict public access shall include findings on the factors set forth in (c)(3) above as well as other findings required by law and shall be filed electronically under the designation 'order' or 'opinion to seal.'" Local Rule 5.3(c)(6).

Notably, Local Civil Rule 5.3(e) addresses the permissibility of sealing the docket itself. Under Local Civil Rule 5.3, "[n]o docket shall be sealed. However, entries on a docket may be sealed pursuant to the provisions of this rule." Hence, the Court can seal any and all entries but cannot seal the docket itself.

## **THE INSTANT MOTION**

In support of the Government's motion, the Government provides the following facts:

1. The charge in this case arises from an ongoing investigation of members of the DTO, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2. Jane Doe is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5

3.  ████████████████████████████████████████████████

4.  It is believed that the public disclosure of Jane Doe's ████████ may place Jane Doe and her family in physical danger, as the law enforcement targets referenced herein may link Jane Doe's ████████████████████████████████████████████████████████████████████████████████████████████████████████████

5.  Furthermore, public disclosure of ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6.  These facts demonstrate a substantial need to partially seal the docket, and permit the filing of this action as a Jane Doe matter, and override the qualified First Amendment right of the public and press to access certain documents.

7.  There is no alternative in this matter that will protect the interest at stake. If the documents are not sealed and/or partially redacted, Jane Doe's ████████████████████████████████████████ Jane Doe and her family may face a risk of physical harm. Additionally, ████████████████████████████████████████████████████████████

The Government is proposing restricting access in a narrowly tailored manner. In this regard, the Government is submitting redacted versions of this brief and proposed order. In addition, the Government is requesting that the Court only seal or redact documents that, if discovered, would seriously jeopardize the safety of Jane Doe, such as ████████████████████████████████████████████████████████

The Government submits that these facts demonstrate, under the legal standards set forth above, an extraordinary situation with compelling government and private interests that justify the sealing of the information and other docket entries. Because the Government's concern lies in the ability of the members and associates of the DTO to search Jane Doe's name and find the public docket relating to this case, the Government is proposing restricting access in a narrowly tailored manner. Thus, the relief requested properly

balances the need for confidentiality against the public's strong right of access to court proceedings and records.

Specifically, the Government respectfully requests that this Court seal all ECF docket entries except for the redacted version of the cover letter for this motion, a redacted version of this letter brief, and redacted proposed orders, and also refer to the defendant as "Jane Doe" on ECF. The Government further requests that all sealed documents remain sealed until such time as the identity of Jane Doe is publicly disclosed in connection with Jane Doe's testimony in open court or, otherwise, until the public docketing of the sealed pleadings do not present a substantial risk of compromising Jane Doe's safety.

The Government has conferred with Jane Doe's counsel regarding the requested relief. Her counsel joins the Government's motion.

### CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court: (1) execute the attached redacted [Proposed] Order #1, which (a) instructs the Clerk's Office to temporarily caption the matter "*United States v. Jane Doe*" while the motion is being considered, and temporarily seal all ECF docket entries while the motion is being considered, except for the redacted cover letter, redacted letter brief, redacted [Proposed] Order #1, and executed redacted Order #1; (b) set a return date to provide the press and public their due process notice so that any party has ample time to file their motion to intervene or file briefs in support of any motion; (2) hold a hearing, on the papers or in Court, in Your Honor's discretion, regarding the motion; and (3) grant the motion and execute the redacted [Proposed] Order #2, which instructs the Clerk's Office to caption the matter "*United States v. Jane Doe*," until otherwise ordered by the Court, and seal all ECF docket entries, except for the redacted cover letter, redacted letter brief, redacted [Proposed] Order #1, executed redacted Order #1, redacted [Proposed] Order #2, and executed redacted Order #2, until otherwise ordered by the Court.

Respectfully submitted,

PHILIP R. SELLINGER
United States Attorney

By: 

Assistant United States Attorney

7